UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAVID LOGAN, II,<br><br>            Plaintiff,<br><br>     v.<br><br>DR. TOMER<br>and DR. GLADSTEIN,<br>            Defendants. | Case No. 1:17-cv-00887 -EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY HIS APPLICATION TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED<br><br>(ECF NO. 2)<br><br>THIRTY DAY DEADLINE |

## I.    BACKGROUND

James David Logan, II ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action filed pursuant to 42 U.S.C. § 1983. On June 29, 2017, Plaintiff filed an application to proceed in forma pauperis. (ECF No. 2). On July 19, 2017, Plaintiff consented to magistrate judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) (ECF No. 8), and no other parties have made an appearance. Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action… under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Section 1915(g) appears to preclude Plaintiff from proceeding *in forma pauperis*. Plaintiff appears to have more than three "strikes." See, e.g., Logan v. Horwitz, E.D. CA, Case

Case 1:17-cv-00887-EPG   Document 9   Filed 07/21/17   Page 2 of 3

No. 2:15-cv-00121, ECF No. 29 (finding that Plaintiff has eight "strikes" and citing underlying cases).

Additionally, based on the complaint, it does not appear that Plaintiff is in imminent danger. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening, No. 116CV01421LJOGSAPC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat… is real and proximate…." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Based on the facts alleged in the complaint (ECF No. 1), it does not appear that Plaintiff is in imminent danger of serious physical injury. The complaint is difficult to understand at times, but it appears that Plaintiff is alleging that, in retaliation for Plaintiff filing 602 appeals, Defendants denied Plaintiff medical treatment that he needs. There is no allegation that Plaintiff is in imminent danger of serious physical injury, and Plaintiff does not appear to be in imminent danger of serious physical injury.

Therefore, the Court will order Plaintiff to show cause why it should not deny Plaintiff's application to proceed in forma pauperis and require Plaintiff to pay the $400 filing fee.

\\\
\\\
\\\
\\\

2

Accordingly, based on the foregoing, IT IS ORDERED that Plaintiff has thirty (30) days from the date of service of this order to show cause why the Court should not deny his application to proceed in forma pauperis and require him to pay the $400 filing fee. Failure to respond to this order will result in dismissal of this action.

IT IS SO ORDERED.

Dated:  **July 21, 2017**                          /s/ Erica P. Grosjean
                                                   UNITED STATES MAGISTRATE JUDGE