UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAVID LOGAN, II,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. TOMER and DR. GLADSTEIN,<br>　　　　Defendants. | Case No. 1:17-cv-00887-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND, DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, AND REQUIRING PLAINTIFF TO PAY THE $400 FILING FEE WITHIN THIRTY DAYS<br><br>(ECF NOS. 2 & 10) |

## I. BACKGROUND

James David Logan, II ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action filed pursuant to 42 U.S.C. § 1983. On July 19, 2017, Plaintiff consented to magistrate judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) (ECF No. 8), and no other parties have made an appearance. Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a district judge is required. Local Rule Appendix A(k)(3).

On June 29, 2017, Plaintiff filed an application to proceed in forma pauperis. (ECF No. 2). Because it appeared that Plaintiff had "three strikes" and was not in imminent danger of serious physical injury, the Court ordered Plaintiff to show cause why the Court should not deny his application to proceed in forma pauperis and require him to pay the $400 filing fee. (ECF No. 9).

Apparently in response to the order to show cause, Plaintiff filed a motion for leave to amend (ECF No. 10), as well as letters to the Court and exhibits (ECF Nos. 11 & 12).

1

Plaintiff's motion for leave to amend and application to proceed in forma pauperis are now before the Court.

## II. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action… under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

## III. PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS

Plaintiff initiated this action on June 29, 2017. (ECF No. 1). Prior to this date, more than one Court has found that Plaintiff has more than three "strikes."

The Court takes judicial notice of Logan v. Horwitz, E.D. CA, Case No. 2:15-cv-00121, ECF No. 29. Magistrate Judge Claire examined Plaintiff's prior filings, and concluded that Plaintiff had eight cases that constituted "strikes" under the "three-strike" rule in 28 U.S.C. § 1915(g). (Id. at 2-3). Upon careful review of this decision, as well as the cases that Judge Claire found to constitute strikes, the Court finds Judge Claire's analysis to be properly supported by existing law. Thus, the Court agrees with Judge Claire's decision and finds that Plaintiff has at least eight cases that constitute "strikes."[1]

Therefore, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening, No.

---

[1] The Court notes that Judge Claire eventually granted Plaintiff *in forma pauperis* status. Logan v. Horwitz, ECF No. 66. However, *in forma pauperis* status was granted because Plaintiff alleged imminent danger, not because Judge Claire changed her analysis regarding Plaintiff's "strikes." (Id. at p. 3).

116CV01421LJOGSAPC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998). See also Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g)…."). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat… is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g). In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*]." Stine v. Fed. Bureau of Prisons, No. 1:13-CV-1883 AWI MJS, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting Pettus v. Morgenthau, 554 F.3d 293, 298–99 (2d Cir. 2009)).

In making the imminent danger determination the Court must liberally construe [Plaintiff's] allegations. Andrews, 493 F.3d at 1055 (9th Cir. 2007).

As the Court found previously, "[b]ased on the facts alleged in the complaint (ECF No. 1), it does not appear that Plaintiff is in imminent danger of serious physical injury. The complaint is difficult to understand at times, but it appears that Plaintiff is alleging that, in retaliation for Plaintiff filing 602 appeals, Defendants denied Plaintiff medical treatment that he need[ed]. There is no allegation that Plaintiff is in imminent danger of serious physical injury, and Plaintiff does not appear to be in imminent danger of serious physical injury." (ECF No. 9, p. 2).

As an initial matter, the Court notes that in his requested relief, Plaintiff only asks for damages. (ECF No. 1, p. 6). He does not request that he be given any sort of medical care or medication. (Id.).

However, in the abundance of caution, the Court issued an order to show cause so that Plaintiff could present more information to show that he was in imminent danger when he filed his complaint.

In Plaintiff's motion for leave to amend, Plaintiff states that he wants to amend to show that three California Department of Corrections and Rehabilitation staff members worked collectively to ruin his ability to safely program. (ECF No. 10). This allegation, even if true, does not show that, at the time Plaintiff filed his complaint, he was in imminent danger.

Plaintiff also alleges that, one day prior to filing his complaint, he was housed with an inmate who later attacked him. (Id. at 2). It is not clear, but it appears that Plaintiff may be alleging that Dr. Shoemaker (who is not a defendant in this case), Dr. Gladstien, and Dr. Tomer arranged this attack because Plaintiff filed a lawsuit against them.[2] (Id.).

Plaintiff does not allege any facts related to this claim. Moreover, based on Plaintiff's allegations, it is not clear that Dr. Shoemaker, Dr. Gladstien, or Dr. Tomer are even aware of the cases Plaintiff alleges that he was retaliated against for filing. In <u>Logan v. Horwitz</u>, Case No. 2:15-cv-00121, the case was allowed to proceed only against Oh, Summer, and DiTomas. (<u>Logan v. Horwitz</u>, ECF No. 66). In <u>Logan v.</u> Gaboa, E.D. CA, Case No. 2:16-cv-02020, no defendants have even been served. Accordingly, even taking Plaintiff's factual allegations as true, it is unclear that Dr. Shoemaker, Dr. Gladstien, or Dr. Tomer even knew of these cases, let alone had Plaintiff attacked because of them.

None of these allegations establish imminent danger related to the claims in Plaintiff's case. They do not allege, for example, that the denial of medical care has put him in imminent danger. The allegations regarding the inmate attack and retaliation for other cases do not have

---

[2] After alleging he was attacked, Plaintiff states "Dr. Shoemaker Dr. Gladstien and Dr. Tomer phychiatrist [sic] all have P.H.D. and set [sic] in my I.D.T.T. meeting. I was EOP 3B02136 to triple C.M.S. 3b04114 low. Its [sic] direct retaliation for civil law suite [sic] 15cv00121 and (cv02020)…." (ECF No. 10, p. 2).

4

a nexus to this case. Put another way, Plaintiff has not shown that he is in imminent danger that would be addressed by his lawsuit in this case.

As to Plaintiff's letters and exhibits (ECF Nos. 11 & 12), they do not appear to be responsive to the Court's order to show cause. Some of what Plaintiff provided relates to what Plaintiff alleged in his motion to amend. For example, Plaintiff attached an "Administrative Segregation Unit Placement Notice" (ECF No. 11, pgs. 2-5), which states that Plaintiff was placed into an administrative segregation unit on July 9, 2017, because of "Self-Expressed Safety Concerns." This is some evidence to back up Plaintiff's story regarding his cellmate attacking him. However, as analyzed above, any imminent danger relating to an inmate attack does not appear to be related to this case. Moreover, based on Plaintiff's submissions, it appears that the self-expressed safety concerns related to a drug debt, not retaliation for filing lawsuits. (Id. at p. 34).

As to the rest of the letters and exhibits, to the extent that they relate to this case at all, they largely seem to be an attempt to present evidence regarding the claims in this case.

Accordingly, the letters and exhibits do not show that Plaintiff was in imminent danger of serious physical injury when he filed his complaint.

As Plaintiff already has "three strikes" and was not is in imminent danger when he filed this case, the Court will deny Plaintiff's application to proceed in forma pauperis.

### IV. PLAINTIFF'S MOTION FOR LEAVE TO AMEND

As to Plaintiff's motion for leave to amend, it will be denied as moot. Plaintiff may amend his complaint once as a matter of course. Fed. R. Civ. P. 15(a)(1)(B). To the extent Plaintiff can pay the ordered filing fee, he can file an amended complaint without requesting leave to amend.

### V. ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend (ECF No. 10) is DENIED as moot;
2. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's application to proceed in forma pauperis (ECF No. 2) is DENIED;

3. If Plaintiff wants to proceed with this action, he shall pay the $400.00 filing fee in full within 30 days of the date of service of this order; and
4. Failure to pay the filing fee within 30 days of the date of service of this order will result in dismissal of this action.

IT IS SO ORDERED.

Dated: **September 5, 2017**

/s/ Eric P. Gros[...]
UNITED STATES MAGISTRATE JUDGE